OPINION
{¶ 1} Appellant, Gerald L. Smolak, is appealing the dismissal of his lawsuit against the City of Columbus. Appellant assigns a single error for our consideration:
 The Trial Court erred as a matter of law and abused its discretion in Granting the Motion to Dismiss filed by Defendant Defendant-Appellee City of Columbus. *Page 2 
 {¶ 2} On March 14, 2007, Phillip L. Harmon, acting as an attorney on his own behalf, filed a lawsuit in which he attempted to have ordinances of the City of Columbus regarding assault weapons be declared unenforceable because of alleged conflicts with the recently enacted changes to the Ohio Revised Code, specifically, R.C. 9.68. Mr. Harmon also sought a temporary restraining order to block enforcement of those portions of the Columbus City Code which he alleged were in conflict with R.C. 9.68.
 {¶ 3} R.C. 9.68 reads in pertinent part:
 (A) The individual right to keep and bear arms, being a fundamental individual right that predates the United States Constitution and Ohio Constitution, and being a constitutionally protected right in every part of Ohio, the general assembly finds the need to provide uniform laws throughout the state regulating the ownership, possession, purchase, other acquisition, transport, storage, carrying, sale, or other transfer of firearms, their components, and their ammunition. Except as specifically provided by the United States Constitution, Ohio Constitution, state law, or federal law, a person, without further license, permission, restriction, delay, or process, may own, possess, purchase, sell, transfer, transport, store, or keep any firearm, part of a firearm, its components, and its ammunition.
 (B) In addition to any other relief provided, the court shall award costs and reasonable attorney fees to any person, group, or entity that prevails in a challenge to an ordinance, rule, or regulation as being in conflict with this section.
 (C) (C) As used in this section:
 (1) The possession, transporting, or carrying of firearms, their components, or their ammunition include, but are not limited to, the possession, transporting, or carrying, openly or concealed on a person's person or concealed ready at hand, of firearms, their components, or their ammunition. *Page 3 
 (2) "Firearm" has the same meaning as in section 2923.11 of the Revised Code.
 {¶ 4} The City of Columbus responded with a memorandum and an affidavit in which the city indicated that it had directed members of the Columbus Division of Police to no longer enforce two sections of the Columbus City Code ("C.C.") Section 2323.31, unlawful possession of assault weapon, and C.C. Section 2323.32, unlawful possession of a large capacity magazine.
 {¶ 5} The City of Columbus also filed a motion to dismiss the lawsuit under Civ.R. 12(B)(1) and 12(B)(6), alleging the lack of a justiciable matter ripe for review, a lack of standing as to Phillip L. Harmon, and a lack of an actual justiciable controversy.
 {¶ 6} Mr. Harmon then filed his first amended complaint and a "brief" in support of his application for a preliminary injunction. Shortly thereafter, he filed a motion seeking leave to file a second amended complaint and a motion to substitute Gerald L. Smolak as plaintiff.
 {¶ 7} Mr. Harmon, acting as counsel for Gerald L. Smolak, sought additional time to respond to the motion to dismiss under Civ.R. 12(B). Mr. Harmon asserted that the affidavit filed along with the Civ.R. 12(B) motion worked to convert the motion to dismiss to a motion for summary judgment such that discovery should be pursued before the trial court addressed the merits of the motion. The trial court viewed the affidavit as incident to the motion to dismiss under Civ.R. 12(B)(1), as opposed to raising additional issues such that the motion to dismiss should be converted to a motion for summary judgment. Therefore, the trial court did not convert the motion and did not delay resolution of the case until after discovery was completed. *Page 4 
 {¶ 8} A memorandum contra the motion to dismiss was filed on behalf of the plaintiff two days late, but was considered by the trial court. The trial court sustained the motion to dismiss the case as not fit for judicial resolution. The City of Columbus had accepted the portion of the Ohio Revised Code which expressly pre-empted city ordinances governing assault weapons and extended ammunition clips. Neither Gerald L. Smolak nor anyone else was facing prosecution for the ordinances which the Ohio Revised Code has pre-empted. Stated in more formal legal terms, the trial court found no case or controversy existed. The trial court accepted the substitution of Gerald L. Smolak as plaintiff as part of its decision.
 {¶ 9} Civ.R. 12(B) states:
 How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, * * * (6) failure to state a claim upon which relief can be granted[.]
 {¶ 10} The motion filed on behalf of the City of Columbus alleged both a lack of jurisdiction over the subject matter and a failure to state a claim upon which relief could be granted. The motion presented issues of standing, justiciability and ripeness.
 {¶ 11} The trial court dismissed the case in part based upon this court's prior ruling in State ex rel. Consumers League of Ohio v.Ratchford (1982), 8 Ohio App.3d 420. In that case, we indicated that, to have standing, a plaintiff must demonstrate a concrete injury, not an abstract or suspected injury. The trial court found that Gerald L. Smolak *Page 5 
had, at most, "a suspected injury based upon unsubstantiated, pure personal speculation as opposed to the requisite concrete injury." (Trial court decision and entry, at 6.)
 {¶ 12} The trial court also noted that a declaratory judgment action must be based upon a real, justiciable controversy between parties. Also, a declaratory judgment action cannot be used to elicit a merely advisory opinion. The trial court found that neither a justiciable issue nor an actual controversy existed because "[i]t is undisputed that the City has ceased enforcement of the local ordinance in compliance with state law, which preempts local regulation of firearms." (Trial court decision, at 7.)
 {¶ 13} On appeal, counsel for Gerald L. Smolak argues that an actual case or controversy exists because the City of Columbus could change its mind and decide to enforce the pertinent city ordinances, the requirements of the Ohio Revised Code notwithstanding. For similar reasons, counsel for appellant argues that standing exists. Mr. Smolak owns assault weapons and therefore would be subject to prosecution if the City of Columbus were to attempt to enforce its ordinances which have been preempted by the recently enacted provisions of the Ohio Revised Code.
 {¶ 14} The fact that the City of Columbus is not enforcing its ordinances with respect to assault weapons and large capacity magazines is not disputed. The fact that the City of Columbus has accepted the preemptions of the regulation of assault weapons and related paraphernalia by state government as a result of the enactment of R.C.9.68 is not open to serious dispute. Under the circumstances, neither Gerald L. Smolak nor anyone else is being harmed. The suggestion that the City of Columbus might some day decide it can disregard the clear requirements of the Ohio Revised Code and choose to *Page 6 
attempt to enforce the preempted city ordinances is unlikely to the point of being speculative at best. No reason exists to have a court order which merely restates the mandates of the Ohio Revised Code.
 {¶ 15} The sole assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 KLATT and FRENCH, JJ., concur. *Page 1